UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH A. SAAD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | 1:11-cv-00642-JLT<br><br>ORDER GRANTING PLAINTIFF'S REQUEST TO FILE FIRST AMENDED COMPLAINT<br><br>(Doc. 4) |

Deborah A. Saad ("Plaintiff") seeks to proceed *in forma pauperis* and *pro se* with an action seeking judicial review of a determination of the Social Security Administration. Plaintiff commenced this action on April 22, 2011. (Doc. 1). On April 28, 2011, the Court granted Plaintiff's application to proceed *in forma pauperis*, and dismissed Plaintiff's complaint with leave to amend. (Doc. 3). Accordingly, Plaintiff's request to amend her complaint, filed May 17, 2011 (Doc. 4) is **GRANTED**.

**I.  Screening Requirement**

When an individual is proceeding *in forma pauperis*, the Court is required to review the complaint, and shall dismiss the case at any time if the Court determines the action or appeal is "frivolous, malicious or fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2).  In

1

addition, the Court may dismiss an action *sua sponte* if it lacks jurisdiction over the matter. *Fielder v. Clark*, 714 F.2d 77, 78-79 (9th Cir. 1983). The Court must screen Plaintiff's Amended Complaint because an amended complaint supersedes Plaintiff's previously filed complaint. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

## II.  Jurisdiction

Plaintiff seeks review of a decision by the Commissioner of Social Security denying her benefits. (Doc. 4 at 2). Specifically, Plaintiff alleges: "On or about March 21, 2011 I [sic] a document entitled 'NOTICE OF APPEALS COUNCIL ACTION' dated February 12, 2010 further indicating that my case was being denied and the Administrative Law Decision if [sic] final." *Id.* Therefore, it is not clear when the decision was made by the Appeals Council, or when Plaintiff received notice of the decision. Rather, the Court is only able to discern that a final decision has been made in her case.

The Court has limited jurisdiction to review decisions regarding Social Security benefits and the denial of disability claims pursuant to 42 U.S.C. § 405(g), which provides in relevant part:

> Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action **commenced within sixty days after the mailing to him of such decision** or within such further time as the Commissioner may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business . . .

*Id.* (emphasis added). Except as provided by statute, "[n]o findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency." 42 U.S.C. § 405(h). These regulations "operate as a statute of limitations setting the time period in which a claimant may appeal a final decision of the Commissioner." *Berrigan v. Astrue*, 2010 U.S. Dist. LEXIS 115390, at * 4-5 (E.D. Cal. Oct. 29, 2010), *citing Bowen v. City of New York*, 476 U.S. 467, 479 (1986); *Matthews v. Eldridge*, 424 U.S. 319, 328 n. 9 (1976). The time limit is a condition on the waiver of sovereign immunity, and it must be strictly construed. *Id.*

Previously, this Court previously stated, "The limitations to final decisions and to a sixty-

1  day filing period serve to compress the time for judicial review and to limit judicial review to the
2  original decision denying benefits, thereby forestalling repetitive or belated litigation of stale
3  eligibility claims." *Anderson v. Astrue,* 2009 U.S. Dist. LEXIS 79726, at *8-9 (E.D. Cal. Oct. 7,
4  2008). Because it is not clear whether Plaintiff filed this action after this deadline passed, the
5  Court is unable to review the decision of the Commissioner.

## III.   Equitable Tolling

The principle of equitable tolling allows for the statute of limitations to be extended in certain circumstances, because the social security regulations were "designed to be 'unusually protective' of claimants." *Bowen*, 476 U.S. at 480. The Supreme Court noted,

> [Social Security Administration] regulations governing extensions of time for filing are based on considerations of fairness to claimants. Thus, the Secretary may grant an extension where a suit was not timely filed because of illness, accident, destruction of records, or mistake. Similarly, an extension may be granted where the claimant misunderstands the appeal process or is unable to timely collect necessary information, or where the Secretary undertook action that "misled" the claimant concerning his right to review.

*Id.* at 480, n. 12, citing 20 C.F.R. §§ 404.911, 416.1411. However, Plaintiff's Amended Complaint is devoid of factual allegations indicating circumstances for which the statute of limitations should be tolled in equity if the deadline for commencing the action has passed.

## IV.   Conclusion and Order

For the foregoing reasons, it is unclear whether the Court has jurisdiction over the matter. Review of the Commissioner's decision may be barred by the statute of limitations, which must be strictly construed. However, the Court will grant Plaintiff an opportunity to file a First Amended Complaint that identifies, in addition to her claim that she was improperly denied social security benefits--when the Appeals Council made its decision, when the Appeals Counsel mailed her a copy of it and when she received it.

Plaintiff is advised that an amended complaint supersedes all previously filed complaints. *Forsyth*, 114 F.3d at 1474; *King*, 814 F.2d at 576. In addition, the amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Thus, once Plaintiff files a First Amended Complaint, neither this complaint nor the preceding complaint serves any function in the case.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Amended Complaint is **DISMISSED**;
2. Within 21 days from the date of service of this order, Plaintiff SHALL FILE a First Amended Complaint curing the deficiencies identified by the Court in this order; and
3. Plaintiff SHALL attach to the First Amended Complaint, a copy of the notice from the Appeals Council.

IT IS SO ORDERED.

Dated: **May 23, 2011**                                     /s/ Jennifer L. Thurston
                                                            UNITED STATES MAGISTRATE JUDGE