UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH A. SAAD,<br><br>          Plaintiff,<br><br>     v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>          Defendant. | 1:11-cv-00642-JLT<br><br>ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED |

Deborah A. Saad ("Plaintiff") is proceeding *in forma pauperis* and *pro se* with an action seeking judicial review of a determination of the Social Security Administration. Plaintiff commenced this action on April 22, 2011. (Doc. 1). On April 28, 2011, the Court granted Plaintiff's application to proceed *in forma pauperis*, and dismissed Plaintiff's complaint with leave to amend. (Doc. 3). On May 17, 2011, the Court granted Plaintiff's request to amend her complaint and ordered Plaintiff to file an amended complaint within twenty-one days of the date of service, and to attach a copy of the notice received from the Appeals Council in order for the Court to determine whether it has jurisdiction over the matter. (Doc. 5 at 4). However, to date, Plaintiff has failed to comply with or otherwise respond to the Court's order.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." LR 110. "District

courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules.  *See*, *e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, Plaintiff is **ORDERED** to show cause within 21 days of the date of service of this Order why the action should not be dismissed for her failure to prosecute or to follow the Court's Order or, in the alternative, to file the amended complaint with a copy of the notice from the Appeals Council attached therewith for the Court.

IT IS SO ORDERED.

Dated:  **June 16, 2011**                              /s/ Jennifer L. Thurston
                                                                      UNITED STATES MAGISTRATE JUDGE