UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH A. SAAD, | ) 1:11-cv-00642-JLT |
| Plaintiff, | ) FINDINGS AND RECOMMENDATIONS ) DISMISSING THE ACTION WITH |
| v. | ) PREJUDICE FOR LACK OF JURISDICTION ) AND FAILURE TO COMPLY WITH THE |
| COMMISSIONER OF SOCIAL SECURITY, | ) COURT'S ORDER ) |
| Defendant. | ) ORDER DIRECTING CLERK OF THE COURT ) TO ASSIGN A UNITED STATES DISTRICT ) JUDGE TO CASE |

Deborah A. Saad ("Plaintiff") seeks to proceed *in forma pauperis* and *pro se* with an action seeking judicial review of a determination of the Social Security Administration. Plaintiff commenced this action on April 22, 2011. (Doc. 1). For the following reasons, the Court recommends Plaintiff's action be **DISMISSED WITH PREJUDICE**.

**I. Procedural History**

On April 28, 2011, the Court granted Plaintiff's application to proceed *in forma pauperis*, and dismissed Plaintiff's complaint with leave to amend. (Doc. 3). On May 17, the Court granted Plaintiff's request to amend her complaint and ordered Plaintiff to file an amended complaint within twenty-one days of the date of service, and to attach a copy of the notice received from the Appeals Council in order for the Court to determine whether it has jurisdiction over the matter. (Doc. 5 at 4).

Following Plaintiff's failure to comply with the Court's order, on June 16, 2011 the Court

1  issued an order to show cause why the matter should not be dismissed, or in the alternative to file
2  an amended complaint with the notice as ordered previously.  (Doc. 6 at 2).  Plaintiff was ordered
3  to respond within twenty-one days of service, or by July 1, 2011.  To date, Plaintiff has failed to
4  comply with or otherwise respond to the Court's order.

**II.  Jurisdiction**

Plaintiff alleged: "On or about March 21, 2011 I a document entitled 'NOTICE OF APPEALS COUNCIL ACTION' dated February 12, 2010 further indicating that my case was being denied and the Administrative Law Decision if final." (Doc. 4 at 2). Therefore, it is not clear when the decision was made by the Appeals Council, or when Plaintiff received notice of the decision.  The Court is only able to discern that a final decision has been made on her case.

The Court has limited jurisdiction to review decisions regarding Social Security benefits and the denial of disability claims pursuant to 42 U.S.C. § 405(g), which provides in relevant part:

> Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action **commenced within sixty days after the mailing to him of such decision** or within such further time as the Commissioner may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business . . .

*Id.* (emphasis added).  Except as provided by statute, "[n]o findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency."  42 U.S.C. § 405(h).  These regulations "operate as a statute of limitations setting the time period in which a claimant may appeal a final decision of the Commissioner."  *Berrigan v. Astrue*, 2010 U.S. Dist. LEXIS 115390, at * 4-5 (E.D. Cal. Oct. 29, 2010), *citing Bowen v. City of New York*, 476 U.S. 467, 479 (1986); *Matthews v. Eldridge*, 424 U.S. 319, 328 n. 9 (1976).  The time limit is a condition on the waiver of sovereign immunity, and it must be strictly construed.  *Id.*

Previously, this Court previously stated, "The limitations to final decisions and to a sixty-day filing period serve to compress the time for judicial review and to limit judicial review to the original decision denying benefits, thereby forestalling repetitive or belated litigation of stale eligibility claims."  *Anderson v. Astrue,* 2009 U.S. Dist. LEXIS 79726, at *8-9 (E.D. Cal. Oct. 7,

2008). Because it is not clear whether Plaintiff filed this action after this deadline passed, the Court is unable to review the decision of the Commissioner.

### III. Failure to Obey the Court's Order

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." LR 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See*, *e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action for failure to obey a court order or failure to comply with the Local Rules, the court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. The risk of prejudice to the defendant also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecution of an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal. Notably, the Court was unable to determine whether it had jurisdiction over the matter due to Plaintiff's failure to file the notice or an

1  amended complaint. (Docs. 5-6). In the order to show cause, the Court informed Plaintiff that
2  failure to comply with a court order may result in dismissal of an action. (Doc. 6 at 2). Thus,
3  Plaintiff had adequate warning that dismissal would result from her noncompliance with the
4  Court's order.

## IV.  Order

GOOD CAUSE being established therefor, the Court **HEREBY ORDERS** as follows:

The Clerk of Court is DIRECTED to assign a United States District Judge to this case.

## V.  Findings and Recommendations

For the foregoing reasons, the Court finds it is unable to determine whether it has jurisdiction of the action. Moreover, Plaintiff failed to comply with the Court's order to show cause why the matter should not be dismissed for her failure to prosecute or to follow the Court's order. Accordingly, it is **HEREBY RECOMMENDED**:

Plaintiff's Complaint be **DISMISSED WITH PREJUDICE**.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within FOURTEEN (14) days after being served with these Findings and Recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **July 7, 2011**                             /s/ Jennifer L. Thurston
                                                                    UNITED STATES MAGISTRATE JUDGE